## Case No. 10,107.

### NELSON v. HALL et al.

[1 McLean, 518.] [1]

Circuit Court, D. Ohio. July Term, 1839.

BOUNDARIES — EVIDENCE — PUBLIC REPUTATION — STATEMENTS OF INDIVIDUALS—CORNERS —COURSES AND DISTANCES.

1. What an individual may have said, as to a certain corner or line, is not evidence.

2. Public reputation may prove boundaries. but it must be the reputation in the neighbor-hood, and not what A or B may have said.

3. Where the original corners and lines are established, they must control courses and dis-tances. But courses and distances called for must govern where there are no established ob-jects to control them.

[Cited in Hanson v. Township of Red Rock (S. D.) 57 N. W. 14; Yocum v. Haskins, 81 Iowa, 441, 46 N. W. 1067.]

Mr. Fox, for plaintiff.
Williams & Ewing, for defendants.

OPINION OF THE COURT. This is a case of disputed boundaries. The lessor of the plaintiff claims by certain lines and cor-ners, and the defendants with the exception of the beginning corner, claim by different lines and corners, and the jury are to deter-mine from the evidence, which are the original boundaries of the lessor of the plaintiff's land. The original survey of Nelson, and other original surveys connected with it, have been given in evidence, and many witnesses have been examined, and blocks cut from trees marked as corners, and from others marked as line trees, showing the annular growths, have been examined by experienced survey-ors and others, in the presence of the jury. There are some leading principles which the court will state to the jury, and which will govern them in making up their verdict. As you have heard from the bench, reputation is admissible evidence to prove boundaries. But what an individual may have said respecting certain lines or corners. does not constitute public reputation. and is, therefore, inad-missible to prove a corner or lines. The repu-tation must be general in the neighborhood. The surveys made subsequently to Nelson's and calling for it. are received as conducing to prove the reputation of the boundaries of such survey. The beginning corner is claimed in common by both parties, and also the first line, except the point where it is to terminate. But there is no agreement in regard to any of the other lines and corners.

The jury will first endeavor to ascertain

[1] [Reported by Hon. John McLean, Circuit Justice.]

from the evidence, the original corners of Nelson's survey; and if they shall be able to do this satisfactorily, they will have little difficulty in tracing or running the lines connected with the corners. And this is the general rule as to corners and lines. If the original marked trees, or objects called for shall be proved, the jury will be governed by them, though they may vary materially from the courses and distances called for. The entry and survey of Nelson are prior in date to the entry and survey under which the defendants claim; and, of course, the subsequent entry and survey are controlled, even at law, so far as the survey is concerned, by the prior survey and patent.

But, if the corners claimed by the lessor of the plaintiff, and which are disputed, are not established by the evidence, the jury will locate the lessor of the plaintiff's claim, by beginning at the corner admitted, and running the courses and distances called for. And so, if a part of the disputed corners are established by the proof, in the opinion of the jury, and they can find no lines to control, the boundary must be established by running the courses and distances called for, so as to include the established points. But, no other deviation from the courses and distances called for, can be made, unless controlled by objects called for in the original survey.

With these general principles the jury will take the case, and after looking into the mass of the evidence, will apply the rule stated.

The jury found the lines of Nelson, as originally run established, except one, and they closed the survey by running the courses called for, so as to connect the two courses. Judgment, &c.